# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRUSTEES OF THE OPERATING ENGINEERS'
LOCAL 324 PENSION FUND, OPERATING
ENGINEERS' LOCAL 324 HEALTH
CARE PLAN, OPERATING ENGINEERS' LOCAL
324 VACATION & HOLIDAY FUND, OPERATING
ENGINEERS' LOCAL 324 RETIREE BENEFIT FUND,
OPERATING ENGINEERS' LOCAL 324 APPRENTICESHIP
FUND, and OPERATING ENGINEERS' LOCAL 324
DEFINED CONTRIBUTION PLAN,
Trust Funds Established and Administered
Pursuant to Federal Law,

        Plaintiffs,

v.

GREAT LAKES EXCAVATING, INC.,
a Michigan corporation, and STEVEN G. LINGLE
and MARK L. DAMSCHRODER,
individually,

        Defendants.
_____/

Case No. 16-cv-
Hon.

**DAVID J. SELWOCKI (P51375)**
**MATTHEW I. HENZI (P57334)**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiffs
25800 Northwestern Highway
Suite 1000
Southfield MI  48075
(248) 746-0700

_____/

1

# COMPLAINT

**NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint against Defendants GREAT LAKES EXCAVATING, INC., and STEVEN G. LINGLE and MARK L. DAMSCHRODER, individually, state as follows:

1. Plaintiffs are the Trustees of the OPERATING ENGINEERS' LOCAL 324 PENSION FUND, OPERATING ENGINEERS' LOCAL 324 HEALTH CARE PLAN, OPERATING ENGINEERS' LOCAL 324 VACATION & HOLIDAY FUND, OPERATING ENGINEERS' LOCAL 324 RETIREE BENEFIT FUND, OPERATING ENGINEERS' LOCAL 324 APPRENTICESHIP FUND, and OPERATING ENGINEERS' LOCAL 324 DEFINED CONTRIBUTION PLAN, (hereinafter referred to as "FUNDS"). The Funds are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 et seq., with administrative offices in the Township of Bloomfield, Oakland County, Michigan.

2. Defendant GREAT LAKES EXCAVATING, INC. is a Michigan corporation with its principal offices in the State of Michigan (hereinafter "GREAT LAKES").

3. Defendants STEVEN G. LINGLE and MARK L. DAMSCHRODER (hereinafter "Individual Defendants") are individuals who are the principal owners and officers of GREAT LAKES.  The Individual Defendants are responsible for running the day-to-day operations of GREAT LAKES and are responsible for all its decisions pertaining to the payment of contributions to the FUNDS, including decisions whether to pay contributions.

4. The Individual Defendants are employers or agents of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3).  The Individual Defendants are employers within the meaning of §3(5) of ERISA, 29 USC §1002(5), and are thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

5. The Plaintiffs administer the FUNDS pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local Union No. 324, and 324-A Union of Operating Engineers, AFL-CIO (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

6. At all times relevant hereto, Defendant GREAT LAKES was signatory to a Collective Bargaining Agreement with the Union.

7. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

8. Pursuant to the terms and provisions of the Collective Bargaining Agreement between GREAT LAKES and the Union, GREAT LAKES agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by GREAT LAKES, and covered by the Agreement.

9. That pursuant to the provisions of the Collective Bargaining Agreement and the Trust and Plan documents of the FUNDS, contributions become vested plan assets on the date in which they are due.

10. That pursuant to the Collective Bargaining Agreements, Defendant GREAT LAKES is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 15th day of the month following the month in which the hours were worked.

11. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages, costs of collection and attorney fees.

12. That, pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the records and books of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

13. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

14. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer. Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

## COUNT I – Breach of Collective Bargaining Agreement and 29 USC §1145

15. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 14 above as though fully set forth herein.

16. That notwithstanding its contractual obligations, GREAT LAKES has failed and refused to pay its obligations, therefore violating the Collective Bargaining Agreements and various provisions of ERISA, including but not limited to 29 USC §1145.

17. Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreements and are restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

A. Order an injunction against Defendant restraining it from continuing violations of the Collective Bargaining Agreements as set forth above;

B. Enter an Order that Defendant GREAT LAKES EXCAVATING, INC. open its books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiffs against Defendants, GREAT LAKES EXCAVATING, INC., STEVEN G. LINGLE, and MARK L. DAMSCHRODER, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT II – Breach of Fiduciary Duties of Steven G. Lingle and Mark L. Damschroder

18. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 17 above as though fully set forth herein.

19. The Individual Defendants are fiduciaries with respect to the various fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that he exercised discretionary authority or control respecting management or disposition of the assets of the plans.

20. By engaging in the acts and omissions described, The Individual Defendants have breached their fiduciary duties regarding the FUNDS within the meaning of 29 USC § 1104(a)(1)(A).

21. The Individual Defendants are personally liable based on breaching his fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

- A. Order an injunction against Defendant restraining it from continuing violations of the Collective Bargaining Agreements as set forth above;

- B. Enter an Order that Defendant GREAT LAKES EXCAVATING, INC. open its books and records for a complete payroll audit;

- C. Enter a Judgment in favor of Plaintiffs against Defendants, GREAT LAKES EXCAVATING, INC., STEVEN G. LINGLE, and MARK L. DAMSCHRODER, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

- D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

- E. Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT III – Builder's Trust Fund Act Violations

22. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 21 above as though fully set forth herein.

23. The corporate Defendant was to hold fringe benefit contributions owed to the FUNDS in trust pursuant to the Michigan Builders' Trust Fund Act, MCLA §570.151-153.

24. The Individual Defendants were the parties responsible for running the day-to-day activities of the corporate Defendant and making all of the decisions regarding monies to be held in trust for the FUNDS.

25. Based on the Defendants' failure to appropriately pay fringe benefit contributions to the FUNDS, the Defendants have violated the Michigan Builders' Trust Fund Act.

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

A. Order an injunction against Defendant restraining it from continuing violations of the Collective Bargaining Agreements as set forth above;

B. Enter an Order that Defendant GREAT LAKES EXCAVATING, INC. open its books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiffs against Defendants, GREAT LAKES EXCAVATING, INC., STEVEN G. LINGLE, and MARK L. DAMSCHRODER, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon,

      accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

D.    Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E.    Any such other, further, or different relief as may be just and equitable under the circumstances.

                              Respectfully submitted,

                              */s/David J. Selwocki*
                              Sullivan, Ward, Asher & Patton, P.C.
                              Attorney for Plaintiffs
                              25800 Northwestern Hwy., Suite 1000
                              Southfield, MI  48075
                              248-746-0700
                              P51375

Dated:  February 9, 2016
W1775927/A56/117351